762 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EARLINE STEELE, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-1244
 United States Court of Appeals, Sixth Circuit.
 4/4/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: WELLFORD and MILBURN, Circuit Judges; PHILLIPS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff appeals the denial of her request for disability insurance benefits under the Social Security Act. For the reasons hereinafter stated, we hold that there is substantial evidence to support the Secretary's decision. See 42 U.S.C. Sec. 405(g).
 
 I.
 
 2
 The plaintiff alleged that she was disabled because of back pain, a knee problem, and a psychological disorder which interferes with her ability to make occupational adjustments. The district court adopted the Report and Recommendation of the Magistrate which held that there is substantial evidence to support the Secretary's finding that the objective medical evidence fails to show any impairment rendering the plaintiff unable to physically perform light work and that the plaintiff does not suffer from any nonexertional impairment. A finding of no severe impairment mandates a finding of non-disability, with no further analysis required. 20 C.F.R. Sec. 416.920(c).
 
 II.
 
 3
 The question before this court is, therefore, whether the Secretary's finding of no severe impairment is supported by substantial evidence in the record considered as a whole. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535-36 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). A 'severe impairment' is defined as one 'which significantly limits your physical or mental ability to do basic work activities.' 20 C.F.R. Sec. 416.920(c). 'Basic work activities' are further defined in 20 C.F.R. Sec. 416.921(b). The Secretary's finding that the plaintiff's alleged impairments did not preclude her from physically performing light work is supported by substantial evidence in the record, and must be accepted by this court.
 
 
 4
 The plaintiff's treating physician, Dr. Loomis, diagnosed the plaintiff as suffering from chronic lumbosacral sprain and strain, effusion of the left knee with arthritis, and obesity on July 22, 1982. Dr. Loomis further opined that in an eight-hour day, the plaintiff would be capable of standing and walking less than one hour and sitting only one-two hours, and that she could not lift up to ten (10) pounds even occasionally. These findings do not rise to the level required for a finding that a person is capable of performing light work. See 20 C.F.R. Sec. 404.1567(b).
 
 
 5
 The ALJ rejected the limitations on the plaintiff's physical abilities found by Dr. Loomis because they were not based on any objective medical findings. See 20 C.F.R. Sec. 404.1508. Indeed, Dr. Loomis' conclusion that the plaintiff is unable to sit, stand, walk, or lift to any significant degree is totally at odds with the objective findings he reported on the three occasions when he treated the plaintiff while she was hospitalized. In July, 1980, Dr. Loomis noted 'some limitation of range of motion' in her back, prescribed physical therapy, and discharged the plaintiff as 'improved.' In August, 1981, Dr. Loomis noted that the plaintiff's back was nontender with complete range of motion, but found her left knee painful on pressure. At the time of discharge, Dr. Loomis noted the plaintiff was 'ambulating freely.' Finally, in February of 1982, Dr. Loomis reported that both knees were normal, that there were only 'minimal and minor' signs of spinal arthritis, and that the plaintiff had only 'mild discomfort' on discharge. Given the lack of any objective findings of serious physical abnormalities in the record submitted by Dr. Loomis, and his contemporaneous report at each discharge that the plaintiff had no substantial problems, the ALJ was entitled to disregard the Physical Capacities Evaluation Form, which contained no explanation of the causes of the severe restrictions indicated.
 
 
 6
 The plaintiff further argues that her psychophysiological nonexertional impairment establishes an inability to work. Here the plaintiff is relying on the opinion of a psychiatrist, Dr. Chan, who examined the plaintiff at the Secretary's request. Dr. Chan diagnosed the plaintiff as suffering from dysthymic disorder and unspecified mental retardation. Dr. Chan concluded that the plaintiff had limited resources for coping with stress and due to her limited intelligence it would be difficult to rehabilitate her to gainful employment again.
 
 
 7
 However, Dr. Chan's findings are contradicted by those of a treating physician, Dr. Hughett, who treated the plaintiff for deprecision in September, 1979. Dr. Hughett reported that the plaintiff's memory was good, sensorium clear and formal judgment satisfactory. Dr. Hughett found no evidence of thought disorder and judged her to be of normal intelligence. Therefore, there is substantial evidence in the record as a whole to support the Secretary's finding that plaintiff's alleged nonexertional impairment does not render the plaintiff unable to perform light work.
 
 
 8
 Finally, the plaintiff argues that the vocational guidelines dictate a conclusion that she is disabled and that the ALJ was required to call a vocational expert to evaluate the effect of her alleged emotional impairment on her ability to work. However, in a case where the plaintiff fails to establish the existence of a severe impairment, consideration of vocational factors is unnecessary. See Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 528 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); 20 C.F.R. Secs. 404.1520(c); 404.1560.
 
 III.
 
 9
 The judgment of the district court is AFFIRMED.